UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SEPTEMBER C., )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>ANDREW SAUL, Commissioner of the )<br>Social Security Administration, )<br>      Defendant. ) | CAUSE NO.: 3:20-CV-47-JVB |

## OPINION AND ORDER

Plaintiff September C. seeks judicial review of the Social Security Commissioner's decision denying her application for supplemental security income and asks this Court to reverse that decision and remand this matter to the agency for further administrative proceedings. For the reasons below, this Court reverses the Administrative Law Judge's decision and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's application for benefits, she alleged that she became disabled on July 20, 2013. At a hearing in 2019, Plaintiff amended her alleged onset date to July 25, 2016, and withdrew her applications for disability insurance benefits. After the hearing, the Administrative Law Judge (ALJ) found that Plaintiff suffered from the severe impairments of mild degenerative disc disease, mild osteoarthritis of the left hip, fibromyalgia syndrome, left carpal tunnel syndrome, obesity, depressive disorder, and borderline intellectual functioning. (AR 13). The ALJ determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except that the claimant can occasionally perform postural activities but cannot climb ladders, ropes, or scaffolding. The claimant can frequently handle and finger with the bilateral upper extremities. The claimant is limited to performing unskilled work activity.

(AR 17). The ALJ found that, in light of Plaintiff's RFC, Plaintiff is able to perform the representative occupations of packer, sorter, and assembler. Accordingly, the ALJ found Plaintiff to be not disabled from July 25, 2016, through the date of the decision. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether [she] can perform [her] past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Plaintiff argues that the ALJ made reversible error by failing to address Plaintiff's limitations in concentration, persistence, and pace, and by incorrectly assessing Plaintiff's subjective symptoms.

### A. Concentration, Persistence, and Pace

Despite Plaintiff's argument to the contrary, the ALJ properly accounted for Plaintiff's moderate limitations in concentration, persistence, and pace. While it is true that confining a claimant's abilities to simple, routine tasks does not always account for such a limitation, *see, e.g.*, *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019), the medical professionals here that opined Plaintiff had a moderate limitation also found that the limitation left her "moderately limited" in her "ability to carry out detailed instructions" and not significantly limited in any other aspect of concentration, persistence, and pace. (AR 129, 159).

Plaintiff, in arguing that the ALJ erred, does not identify any particular way in which she believes she is more limited than the ALJ found her to be. Plaintiff alludes to her abilities to "perform activities within a schedule, maintain regular attendance, [and] be punctual within customary tolerances" and makes a general reference to "sleepiness," but she cites to no evidence that would indicate any of these abilities are impaired or that she suffers from heightened sleepiness. (Pl.'s Br. 18, ECF No. 9).

Plaintiff has not met her burden. Substantial evidence supports the ALJ's opinion regarding Plaintiff's moderate limitation in concentration, persistence, and pace.

### B. Subjective Symptoms

Regarding Plaintiff's subjective symptoms, however, the ALJ erred. An ALJ must consider a claimant's statements about his or her symptoms, including pain, and how these symptoms affect

the claimant's activities of daily living and ability to work. 20 C.F.R. § 416.929(a). ALJs must weigh the subjective complaints, the relevant objective medical evidence, and any other evidence of the following:

> (1) The individual's daily activities;
> (2) Location, duration, frequency, and intensity of pain or other symptoms;
> (3) Precipitating and aggravating factors;
> (4) Type, dosage, effectiveness, and side effects of any medication;
> (5) Treatment, other than medication, for relief of pain or other symptoms;
> (6) Other measures taken to relieve pain or other symptoms;
> (7) Other factors concerning functional limitations due to pain or other symptoms.

*See* 20 C.F.R. § 416.929(c)(3); *see also* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). The "subjective symptom evaluation is not an examination of an individual's character." SSR 16-3p, 2017 WL 5180304, at *2.

The ALJ stated that, per Plaintiff's Adult Function Report, she "remains capable of attending to personal needs, performing light chores, driving, and shopping in stores." (AR 18 (citation omitted)). However, Plaintiff indicated in the Adult Function Report that, regarding her personal needs, she can no longer style her hair, someone else washes her back, she receives help shaving if she cannot feel her hands, most days she wears the same clothes, and her shower habits are "every other day if I am not freezing or hurting." (AR 351). The ALJ reducing this report of symptoms down to "capable of attending to personal needs" is not a faithful summary. Similarly, Plaintiff indicated that her only housework is one or two loads of laundry per week and that her partner and kids perform the rest of the housework; she also stated that her partner cooks and prepares all meals. (AR 352). Saying Plaintiff can perform "light chores" is an inaccurate description of the report.

The ALJ minimized Plaintiff's reports of her abilities to the point of misstating the evidence. He did not build a logical bridge from the Adult Function Report to his conclusion. In light of this error, this case must be remanded for further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Complaint for Review [DE 9], **REVERSES** the decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings.

SO ORDERED on March 24, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
